UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OLEG YURIYOVICH KHALIP,

      Petitioner,

v.                                                                Case No. 10-13518
                                                                  HON. AVERN COHN

ALLA VIKTORIVNA KHALIP, a/k/a
ALLA VIKTORIVNA GALKIN

      Respondent.

_____/

### ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION

I.

This is a petition for the return of two minor children to the Ukraine pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the Convention) and the International Child Abduction Remedies Act (ICARA). 42 U.S.C. §§ 11601-11610. On May 17, 2011, the Court entered a memorandum and order granting the petition, but staying effectiveness of the order for 30 days due to a pending decision in the Highest Specialized Court of the Ukraine involving whether the children were wrongfully removed under Ukranian law. (Doc. 31). The stay was set to expire on June 17, 2011. On June 14, 2011, Respondent filed a motion for reconsideration. (Doc. 33). In light of the filing, the Court ordered a further stay pending the motion's resolution. (Doc. 36). At the Court's request, Petitioner filed a response. (Doc. 37).

For the reasons that follow, Respondent's motion will be denied.

II.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h) which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

III.

Respondent first argues that reconsideration is warranted because the Court's finding that the children were wrongfully removed from the Ukraine under the Convention was improper due to the fact that the Ukraine courts are still determining whether the children were wrongfully removed under Ukranian law. Respondent further argues that the parties submitted conflicting affidavits related to the issue of wrongful removal, which presents a disputed issue of material fact under the Fed. R. Civ. P. 56 summary judgment standard. Respondent's argument lacks merit.

Relating to wrongful removal, the Court found as follows:

> Based on the evidence, particularly the consent revocation document, which was notarized before Respondent moved with the children, the Petitioner has submitted sufficient evidence to show that at the time the children were removed he was exercising his custody rights. Further, the surreptitious nature of Respondent's move with the children – without Petitioner present and executed in an unplanned manner by picking up the children from school without the Petitioner's knowledge or that of the children's caretaker – weighs in favor of Petitioner's assertion that Respondent moved without his consent. See Friedrich, supra, at 1069 (relating to whether the petitioner consented to removal, "the deliberatively secretive nature of [respondent's] actions is

2

extremely strong evidence that [petitioner] would not have consented to the removal of [the child]").

Finally, even if Respondent was not aware of the revocation, it does not take away from the fact that Petitioner exercised his rights by expressly revoking his consent in a notarized writing, which he then filed in the Ukranian courts for certification.  See Article 3 (removal of a child from one country to another is wrongful when at the time of removal those rights were actually being exercised, either jointly or alone, or would have been so exercised but for the removal or retention) (emphasis added).  In other words, this is not a case where Petitioner simply changed his mind.

Thus, Petitioner has established by a preponderance of the evidence that the children were wrongfully removed.

(Doc. 31, pp. 10-11).

The Court's finding was not based solely on decisions from the Ukraine courts or on affidavits relating to the nature of the children's removal.  Rather, the Court made its determination based on a preponderance of the evidence, as required under the Convention.  Thus, Respondent fails to meet the standard required to warrant reconsideration on this ground.

IV.

Respondent next argues that reconsideration is warranted because the Court should have found that the children, now 7 and 8, were not of an age and maturity such that their views should be taken into consideration relating to their return to the Ukraine.  See Article 13, Convention.  Respondent says that the Court expressed its ambivalence on the children's maturity and that, in addition to considering the opinion of an independent mutually agreed upon psychologist's findings, the Court should have also relied on the opinion of Respondent's psychologist.  Respondent's argument lacks merit and is not well-taken.

3

As to the children's objections, the Court found as follows:

> IOK and KOK have not reached the requisite level of maturity.  Indeed, as one would expect from children of this age, each articulated a natural desire to stay with their mother in an environment that they have become accustomed to and in which they are now comfortable.  On the other hand, their stated reasons and responses also reveal that they are not mature enough to understand the full scope of this situation in order to prevent being returned.  See Tsai-Yi Yang, supra, at 279 (upholding a district court decision which found that a ten year old was not of sufficient maturity when she was unable to articulate "particularized objections to returning to Canada, but rather [] indicated that she possessed a more generalized desire to remain in Pittsburgh similar to that of any ten-year-old having to move to a new location").  This finding is also consistent with the psychologist's report, which, while acknowledging the children's poise and intelligence, also determined that they are not of an age and maturity that a Court should consider their views.

> Accordingly, the Court finds that the age and maturity defense does not apply.  However, the Court's decision in this instance should not dissuade a Ukrainian custody court from strongly considering the children's views.  Indeed, the Court encourages their views to be considered within that appropriate forum.

(Doc. 31, pp. 14-15).

The Court was not ambivalent in making its determination relating to the children's objections.  Rather, after interviewing the children, and after considering the opinion of an independent mutually agreed upon psychologist after he interviewed them, the Court found that under the Convention's standard the children were not of the age and maturity such that their views could be considered.   Accordingly, Respondent is not entitled to reconsideration on this ground.

V.

Respondent next argues that reconsideration is warranted due to credibility issues involving Petitioner and his witnesses, which Respondent says are not properly decided at the summary judgment phase.  Respondent argument lacks merit.

As the Court stated,

4

Although both parties style their briefs as summary judgment motions, the Court follows the legal standards set forth under the Convention and ICARA and grants appropriate relief consistent with the treaty and relevant statutory provisions. See Patricia Hoff, The Hague Convention on the Civil Aspects of International Child Abduction: A Curriculum for American Judges and Lawyers, American Bar Association Publication, October 1997, at 51 ("No specific form of civil action is required to commence a Hague return proceeding . . . [w]rits of habeas corpus may best accomplish this goal, but other forms of action may achieve similar results").

(Doc. 31, p. 8 n. 4).

The Court followed the legal framework set forth under the Convention in making its determination.  Reconsideration is not warranted on this ground.

VI.

Lastly, Respondent asserts that even if the Court finds against reconsideration, it should stay the execution of its return order pending the decision from the Highest Specialized Court of the Ukraine in order to allow a final decision in the Ukranian courts before making a final determination in this Court.

Relating to the treatment of decisions by the Ukrainian courts, the Court stated:

In the interest of comity, the Court has given considerable weight to the Ukraine court decisions in deciding whether the children were wrongfully removed and should therefore be returned to Petitioner; the Highest Specialized Court's decision is no different.  On the other hand, the Court has an obligation under the Convention to make an expeditious decision. With these conflicting considerations in mind, effectiveness of this decision is STAYED for 30 days to allow the parties the opportunity to further illuminate the status of the legal proceedings in the Ukraine, including the time it will take the courts in the Ukraine to resolve the pending proceedings.

(Doc. 31, p. 3).

The Court has given great consideration to the Ukraine court decisions.  However, since the return order was filed, on May 17, 2011, a decision has not been reached by the

5

Highest Specialized Court of the Ukraine, nor have further updates been provided by the parties as to any change in the status of the case.  In light of the indefiniteness as to when a final decision will be reached in the Ukrainian courts, and the Court's obligation under the Convention to make an expeditious decision, a further stay is not warranted.

VII.

Accordingly, Respondent's motion for reconsideration is DENIED.  Further, the stay on the return order is LIFTED and the children are ordered returned to the Ukraine, consistent with the undertakings set forth in the Court's May 17, 2011, memorandum and order granting the petition.  (Doc. 31).

SO ORDERED.


   s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  June 22, 2011


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 22, 2011, by electronic and/or ordinary mail.


   s/Julie Owens
Case Manager, (313) 234-5160